H. ALBERTUS WEST, Respondent, v. J. B. M. GROSVENOR and Others, Appellants, Impleaded with Others.

*Corporation — failure of, to file an annual report — what is not doing business "without the United States" — effect of the submission to the jury of a question which should be decided by the court.*

An Arizona corporation doing business within the State of New York, organized for the purpose of "manufacturing, selling, disposing of and utilizing liquid air," which endeavors to sell its stock in Europe, and by obtaining patents there to prevent foreigners from manufacturing its own distinctive product, is not doing business "without the United States" within the meaning of section 30 of the Stock Corporation Law (Laws of 1892, chap. 688, as amd. by Laws of 1897, chap. 384) requiring every domestic stock corporation and every foreign stock corporation doing business within the State of New York to file an annual report.

The fact that a question is submitted to the jury as one of fact, when it should have been decided by the court as one of law, is not material where the jury answer the question correctly.

APPEAL by the defendants, J. B. M. Grosvenor and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of December, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of December, 1903, denying the said defendants' motion for a new trial made upon the minutes.

* Adding to Highway Law (Laws of 1890, chap. 568), § 11a.— [REP.

*Aaron P. Jetmore,* for the appellants.

*J. Noble Hayes,* for the respondent.

WILLARD BARTLETT, J. :

In this action the directors of the Tripler Liquid Air Company (an Arizona corporation doing business in New York) have been held liable for a debt of $1,500 due from that corporation to the plaintiff, by reason of its failure to file the annual report prescribed by section 30 of the Stock Corporation Law, as the same existed prior to April 16, 1901.

The portions of that section material to be considered upon this appeal are as follows : " Every domestic stock corporation and every foreign stock corporation doing business within this State, except moneyed and railroad corporations, shall annually, during the month of January, or, if doing business without the United States, before the first day of May, make a report as of the first day of January, which shall state : 1. The amount of its capital stock, and the proportion actually issued.   2. The amount of its debts or an amount which they do not then exceed.   3. The amount of its assets or an amount which its assets at least equal.   Such report shall be signed by a majority of its directors, and verified by the oath of the president or vice-president and treasurer or secretary, and filed in the office of the Secretary of State, and in the office of the county clerk of the county within this State where its principal business office may be located.   If such report is not so made and filed all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made." (Laws of 1892, chap. 688, as amd. by Laws of 1897, chap. 384.)

The Tripler Liquid Air Company did not make and cause to be filed an annual report during the month of January, 1901, and thereupon in August, September and October, 1901, the plaintiff instituted the present action against the directors to charge them with personal liability for his claim.

The directors defended upon the ground that the Tripler Liquid Air Company was a corporation *doing business without the United States,* and hence was not required to make its report in January, 1901, but had until May 1, 1901, within which to do so, and upon

SECOND DEPARTMENT, MARCH, 1905.            [Vol. 102.

the further ground that section 30 of the Stock Corporation Law was amended by an act of the Legislature which took effect on April 16, 1901, in such a way as to relieve them as directors from any personal liability for a failure to make the annual report. (Laws of 1901, chap. 354.)

At the close of the trial the court instructed the jury to find specially upon two questions of fact, namely: (1) Has the plaintiff been paid in full for his services? (2) Was the Tripler Liquid Air Company doing business without the United States? The jury answered both questions in the negative, and rendered a general verdict of $1,500 in favor of the plaintiff.

The only question presented by this appeal which requires discussion, as it seems to me, relates to the contention of the appellants that the Tripler Liquid Air Company was a corporation doing business without the United States. All the evidence on that branch of the case came from the side of the defendants and was uncontradicted; and it is argued that the question was one of law which should not have been submitted to the jury at all, but ought to have been decided by the court. The submission, however, did the defendants no harm, assuming the question to have been one of law, if the jury answered it correctly, and I think they did. The two witnesses who testified on this subject were hardly competent to give much evidence about the transactions of the company in Paris or elsewhere in Europe, as they had not either of them been abroad; but giving full effect to every specific statement of fact made by them which was allowed to remain in the record, although much of the matter was obviously hearsay, I think the fair inference to be drawn is not that the corporation was doing business in Europe, but that it was endeavoring to sell its stock there, and by obtaining foreign patents to prevent foreigners from manufacturing its own distinctive product. This was hardly doing business without the United States within the meaning of the statute. It is true that Mr. Harry P. Layton, one of the defendants, did testify, "Of my own knowledge I know there was no difference in the nature of the business transacted abroad from that transacted in the United States;" but the effect of this assertion was wholly nullified when he admitted on cross-examination, "I was never in Paris — have never been abroad." The cases in which the phrase "doing busi-

ness within " a specified territorial jurisdiction has been under consideration are apposite and instructive as showing that operations much more nearly resembling the carrying on of the business which the corporation was organized to conduct than anything proved in the present case have 'been held not to constitute a doing of business. (*People ex rel. Brewing Co.* v. *Roberts*, 22 App. Div. 282; *People ex rel. Cotton Oil Co.* v. *Roberts*, 25 id. 13; *Cummer Lumber Co.* v. *Associated Mfrs. Ins. Co.*, 67 id. 151; *Penn Collieries Co.* v. *McKeever*, 93 id. 303.) The business of the Tripler Liquid Air Company as described by Mr. Layton was the " manufacturing, selling, disposing of and utilizing liquid air." He knew from correspondence that the company had an office in Paris, but what was done there, save to sell stock and prepare two liquid air machines for exhibition at the Paris Exposition, is not disclosed. It does not appear that an ounce of liquid air was ever manufactured in Paris; and, furthermore, the witness expressly declares, " We did not manufacture anything over there to sell."

I think the principal question upon which the case turned as to the liability of the directors for the debt of the corporation to the plaintiff was correctly answered in the court below, and that the plaintiff is entitled to an affirmance.

HIRSCHBERG, P. J., WOODWARD and JENKS, JJ., concurred; HOOKER, J., not voting.

Judgment and order affirmed, with costs.